## IN THE UNITED STATES DISTRICT COURT FOR MARYLAND
## NORTHERN DIVISION

THOMAS E. MINOGUE, TRUSTEE, )
CO-TRUSTEE OF THE PHYLLIS )
ANDREWS FAMILY TRUST, et al., )
                              )
        Plaintiffs,           )
                              )    CASE NO. 1:03-CV-03391CCB
    v.                        )
                              )
ARTHUR B. MODELL,             )
                              )
        Defendant.            )

## PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
## DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs Thomas E. Minogue and Thomas O. Callaghan, being aware that this Court's

rules make no provision for the filing of a Sur-Reply, nevertheless respectfully request that the

Court consider this Sur-Reply, the limited purpose of which is to respond to Defendant Modell's

challenges to the admissibility of certain evidence submitted by Plaintiffs in opposition to

Defendant's three motions for summary judgment.[1]

---

[1] *See* Plaintiffs' Consolidated Opposition to Defendant's Motions for Summary Judgment ("Pl. Opp.") at 4, n.4 (noting that "[i]n the event that Defendant challenges the authenticity or admissibility of this or any of the other exhibits to this memorandum, Plaintiffs respectfully request that they be allowed by the Court to respond as appropriate."). By limiting the scope of this sur-reply to issues raised by Defendant's challenges to the admissibility of certain of Plaintiffs' evidence, Plaintiffs do not intend to imply that there are not other substantive issues raised in Defendant's Reply that Plaintiffs would be happy to address at oral argument on Defendant's motions or otherwise, should the Court deem further input from the Parties to be helpful and appropriate.

I.    **Mrs. Andrews' Representation in the Purchase Agreement (Marked as Exhibit 37 to Defendant's SJM # 1 and as Plaintiffs' Exhibit 35) is Competent Evidence that She Had – in Her Capacity as Executrix – Previously Distributed the Letter Agreement to Herself – in Her Capacity as Beneficiary.**

On January 27, 2000, Mrs. Andrews entered into a written Purchase Agreement in which she transferred to the Trust all of her interest in the Letter Agreement. In that Purchase Agreement, Mrs. Andrews represented and warranted that she had taken "all necessary action required to have been taken by or on [her] behalf . . . by applicable law" to authorize her as an individual to transfer the Letter Agreement to the Trust. In giving this representation, Mrs. Andrews confirmed that she had (in her capacity as executrix) previously distributed the Letter Agreement to herself (in her capacity as beneficiary).[2]

Relying entirely on two cases that refuse to admit documents that are *both* unsworn *and* unauthenticated, Modell argues that Mrs. Andrews' representation in the Purchase Agreement is inadmissible. *See* Reply at 12, n.26 (citing *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993); *Miller v. Bristol-Myers Squibb Co.*, 121 F. Supp. 2d 831, 837 (D. Md. 2000)). Because Modell concedes that the Purchase Agreement is authentic, *see id.*, these cases are inapt, and provide no support for his argument.

Mrs. Andrews' representation is admissible for the truth of what it asserts as a recorded recollection under Federal Rule of Evidence 803(5). It is "[a] memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or

---

[2]    By taking the position that Section 4.1 of the Purchase Agreement is a written confirmation that Mrs. Andrews had (in her capacity as executrix) previously distributed the Letter Agreement to herself (in her capacity as beneficiary), Plaintiffs by no means concede that a written record of Mrs. Andrews' transfer of the Letter Agreement from her husband's estate to herself is required for that transfer to be effective as a matter of New York probate law.

adopted by the witness when the matter was fresh in the witness' memory and to reflect that

knowledge correctly." *Id.*; *see* Declaration of Phyllis Andrews, attached hereto as Exhibit 1.

The entire Purchase Agreement may be received in evidence under the Rule because it was

offered by Modell, an adverse party. F.R.E. 803(5).

II.    **The 1961 Frisch Memo (Marked as Exhibit 11 to Defendant's SJM # 2 and as Plaintiffs' Exhibit 14) is Competent Evidence that Modell Orally Agreed in 1961 to the Letter Agreement's Key Terms.**

On April 11, 1961, Robert Frisch wrote the following memo to Wells, which he entitled

"Vincent Andrews":

> Vinnie called me today to say that Arthur Modell had agreed to retain Vincent
> Andrews, Inc. as his business manager at the standard fee of 5% of annual gross
> earned income, and to pay a 5% fee on any proceeds realized by Arthur from sale
> of his Cleveland Browns stock. Presumably, this latter item would go into
> Vinnie's corporation as well. Vinnie wants us to draw the necessary documents.
> Have you any objection?

In a handwritten marginal notation, Wells responded, "No! Provided we first check with

Artie – you can do it Monday night."

Modell argues that Mr. Andrews' statement in the 1961 Frisch memo about what

Modell agreed to is hearsay and inadmissible to prove the truth of that agreement. Once

again, Modell is mistaken. The report of Modell's agreement is admissible under F.R.E.

803(16) and 901(b)(8) as a statement in an ancient document. *See, e.g., Horne v. Owens-*

*Corning Fiberglass Corp.*, 4 F.3d 276, 283-84 (4th Cir. 1993). Alternatively, Modell's

agreement, as reported by Andrews, is an admission by a party opponent under F.R.E.

801(d)(2), *see, e.g., Wall v. Fruehauf Trailer Services, Inc.*, 2005 WL 428781 (4th Cir.

Feb. 24, 2005), and Frisch's transcription of that statement is admissible under F.R.E.

803(6) as a record of regularly conducted activity, *see U.S. v. Casoni*, 950 F.2d 893, 909

3

(3rd Cir. 1991) ("an attorney's objective memorandum may sometimes be a business record); *see also* F.R.E. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules.").

## II.     The Key Statements in the Declaration of Rita McCloy Stephanz (Marked as Plaintiffs' Exhibit 48) Are Admissible.

Modell argues that paragraph 5 of Ms. Stephanz's declaration is inadmissible hearsay. Reply at 19, n.50. To the extent that it is directed at Ms. Stephanz's statements that "[t]he work that was reflected in the withheld documents was performed by lawyers at Rogers & Wells decades ago," and that "I have no personal knowledge of Rogers & Wells' representation of Arthur Modell or Vincent S. Andrews," this argument is completely without merit.

Although Plaintiffs concede that the remainder of paragraph 5 may be subject to challenge on hearsay grounds, they note that Modell does not challenge Ms. Stephanz's statement in paragraph 6 that her conclusion that Rogers & Wells represented Vincent Andrews in connection with the Letter Agreement was based "entirely on a review conducted by [Ms. Stephanz] and others at [her] direction . . . of documents in the files of Clifford Chance." It was this statement that led Magistrate Judge Grimm to note (in dicta) during the motions hearing on April 5, 2005, in which he denied Modell's motion to strike Ms. Stephanz's declaration, that:

> [A]ll the affidavit provided by Stephanz by the plaintiff says is that she has no personal knowledge of events that probably occurred before she was born, and that whatever opinions she expressed were based upon the review of the documents which apparently now have been attached as exhibits, so her opinions, whatever they're worth, you now have the factual basis for it and anyone can decide from that what it's based upon. She adds nothing, quite candidly – nothing whatsoever – to the exhibits themselves other than her naked opinion. And I've

said many times, opinions are like feet. Everybody's got them, but a lot of them stink.[3]

And that:

The importance of testimony – this is, quite candidly, the most important factor to me. You've got an affirmative defense which is raised in which the defendant says the whole agreement is void because it was a conflict of interest. The evidence of that is one or two letters in 1963 written by people who are not available to be deposed or to testify for which there appears to be no one with any personal knowledge. Mr. Modell himself has no direct knowledge of an actual conflict, as his deposition clearly states. Both motions state that he was aware of representation of Andrews in other matters, not in this matter, and the basis for the motion is representation – dual representation alleged in this particular agreement, but Mr. Modell doesn't establish the existence of a conflict. The existence of a conflict maybe is sufficient to infer it from the letters from Mr. Frisch, *but maybe not*.[4]

## CONCLUSION

For the foregoing reasons, this Court should deny Defendant Modell's challenges to the admissibility of the referenced evidence. As set forth in Plaintiff's Opposition, the Court should also deny each and every one of Defendant Modell's Motions for Summary Judgment, and allow this case to proceed to trial.

---

[3]   Transcript of April 5, 2005 Motions Hearing, attached as Exhibit 2 hereto, at 45:15 – 46:7.

[4]   Exhibit 2 at 44:12 – 45:9 (emphasis added).

Respectfully submitted,

_____/s/_____
Andrew Jay Graham (Fed. Bar No.: 00080)
George E. Brown (Fed. Bar No.: 14681)
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030 (telephone)
(410) 539-1269 (facsimile)
agraham@kg-law.com
gbrown@kg-law.com

*Attorneys for Plaintiffs*
*Thomas E. Minogue and*
*Thomas O. Callaghan, Co-Trustees of the*
*Phyllis Andrews Family Trust*

OF COUNSEL:

Andrew W. Hayes, Esq.
Christopher M. Green, Esq.
Boies, Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504
(914) 749-8200 (telephone)
(914) 749-8300 (facsimile)

Neil McGinness, Esq.
McGinness, Painter & McGinness
Tower Press Building
1900 Superior Avenue
Suite 230
Cleveland, OH 44114
(216) 696-8440 (telephone)
(216) 696-0910 (facsimile)