**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

THOMAS E. MINOGUE, et al.       :
                                :
                                :
   v.                           :   Civil No. CCB-03-3391
                                :
                                :
ARTHUR B. MODELL                :
                                :
                                :

**MEMORANDUM**

Thomas E. Minogue and other co-trustees of the Phyllis Andrews Family Trust ("the plaintiffs" or "the trust") filed suit against Arthur B. Modell in this court in 2003.[1] As part of that case, the court entered a protective order to govern the conduct of the parties with respect to the use or disclosure of information produced in discovery. Now pending is plaintiffs' motion for leave to disclose certain documents covered by the protective order to the Internal Revenue Service ("IRS") in support of an application plaintiffs have filed with the IRS to request review of defendant's tax returns pursuant to 26 U.S.C. § 7623 (2006). The motion is fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, the motion will be denied.

**BACKGROUND**

The court has already recounted the facts in this case in two prior decisions, *see Minogue v. Modell*, 384 F. Supp. 2d 821 (D. Md. 2005), and *Minogue v. Modell*, No. 03-3391, 2011 WL 1308553 (D. Md. Mar. 30, 2011), and here they are repeated in part.

The plaintiffs first filed suit against Mr. Modell in 2003 in Ohio state court over an

---

[1] The court of course is aware of Mr. Modell's recent passing, but nonetheless will refer to him as the defendant for the purpose of this ruling.

alleged "finder's fee" agreement that was contained in a 1963 letter ("the letter agreement") from Vincent Andrews, now deceased, to Mr. Modell. Mr. Modell later signed the letter, which allegedly required Mr. Modell to pay five percent of his net gain from the sale of his stock in the Cleveland Browns (now Baltimore Ravens) football team if he ever completely divested all of his stock interest. Mr. Modell removed the case to the United States District Court for the Northern District of Ohio, which then granted Mr. Modell's motion for a transfer of venue to this court.

On April 9, 2004, this court entered a protective order stating, in part, that:

> Information marked "CONFIDENTIAL" shall not be disclosed or made available by the receiving party to persons, parties, or entities other than Qualified Persons. No person, party, or entity who receives Confidential information produced or exchanged shall disclose such information to any person, party, or entity other than Qualified Persons. Under no circumstances shall Confidential information be used for business, competitive or other purposes not associated with the prosecution or defense of this case.

(Protective Order ¶ 5, ECF No. 63.) The protective order provides that the party producing the material "may designate it as Confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development or commercial information." (*Id.* at ¶ 1.) The protective order also established that if any party disagreed with the designation of a document as confidential, the party "shall so inform the designating party and all other parties in writing, and the parties shall first try to resolve such a dispute" before challenging the designation of confidentiality by motion. (*Id.* at ¶ 14.) Finally, the protective order stated that it "shall remain in force and effect thereafter until modified, superseded, or terminated on the record by an Order of the Court." (*Id.* at ¶ 15.)

On June 28, 2004, the plaintiffs filed a motion to compel the production of accountant-client communications relating to the tax planning involved in the 1999 restructuring and sale of Mr. Modell's interests in the Baltimore Ravens. In granting the plaintiffs' motion, Magistrate

2

Judge Paul W. Grimm held that Ohio law governed the letter agreement dispute, that Ohio law did not recognize the accountant-client privilege, and that Ohio's application of the Restatement Second would result in the documents being admissible.  (*See* Nov. 19, 2004 Hearing Transcript, ECF No. 131, at 14-19.)  Judge Grimm ordered Mr. Modell to produce the documents subject to the protective order. (*Id.* at 31.)   This court affirmed Judge Grimm's ruling on December 8, 2004.  Mr. Modell subsequently produced the accountant-client communications, eight of which are at issue here, but designated all of the documents as confidential.  The plaintiffs did not at that time challenge the designation.

The court granted summary judgment in favor of Mr. Modell on July 22, 2005. *See Minogue*, 384 F. Supp. 2d at 825. In that decision, the court ruled that the plaintiffs lacked standing to sue to enforce the letter agreement because there is no evidence that the trust had properly acquired the rights to the letter agreement. *Id.* Without proof to the contrary, it appeared that the letter agreement remained the property of Mr. Andrews's estate, which apparently was insolvent and had never finally closed under New York probate law. *Id.*

The plaintiffs filed a second suit against Mr. Modell in Ohio state court. The Ohio court dismissed the action in 2006 on forum non conveniens grounds, concluding that Maryland was the most appropriate venue for litigation of the plaintiffs' claims. The plaintiffs then filed a third suit, this time in New York state court, which was dismissed on appeal for lack of personal jurisdiction.  *See Andrews v. Modell*, 921 N.Y.S.2d 908 (N.Y. App. Div. 2011).   The plaintiffs have now filed a fourth suit, this time in Baltimore County Circuit Court.  Mr. Modell has filed a motion to dismiss.[2]

At some point during the course of the plaintiffs' action in New York state court, they also filed an I.R.C. § 7623 (26 U.S.C. § 7623) application with the IRS asking the IRS to review

---

[2] *See Andrews v. Modell*, Case No. 03C11005740 (Balt. Cnty. Cir. Ct. filed June 08, 2011).

$198.8 million in inter-company loans allegedly distributed to Mr. Modell's holding companies as part of the 1999 sale of the Baltimore Ravens. The plaintiffs allege that the proper tax treatment of the $198.8 million is relevant to calculating the amount of money the plaintiffs would be entitled to should they prevail on their claims.

On March 23, 2010, Mr. Modell filed with this court, under seal, a motion to enjoin the plaintiffs' alleged imminent violation of the court's 2004 protective order.  The plaintiffs opposed the motion and filed a separate motion, also under seal, to vacate the designation of nine documents the defendant previously marked as confidential.  *See Minogue*, 2011 WL 1308553 at **2–3 (listing the documents).  All the documents deal primarily with the tax implications of the sale of the Ravens and several could be described as lengthy memoranda from Arthur Anderson, the accounting firm that was working for defendant at the time.  The documents had been produced in discovery but not filed with the court in support of any dispositive motion.

The court denied Mr. Modell's motion for an injunction, finding that there was no evidence that any of the documents had already been disclosed to the IRS. *Id.* at *3. The court also denied the plaintiffs' motion to vacate the protective order as to the documents, citing the statutory privilege for accountant-client communications under Maryland law. *Id.* at *5. *See* MD. CODE ANN., CTS. & JUD. PROC., § 9-110.  The court noted that whereas Ohio law controlled the prior litigation, thereby allowing disclosure of the documents to the plaintiffs, disclosure pursuant to the plaintiff's subsequent request was subject to the protective order. *Minogue*, 2011 WL 1308553 at *5. The court concluded that the plaintiffs had not persuasively disputed that the Maryland privilege would apply. *Id.*

In filing the instant motion, the plaintiffs have modified their earlier request only slightly. Instead of asking the court to vacate the protective order or confidential designation, the

4

plaintiffs request only that the court allow them to convey the documents "in confidence" to the IRS. (Pl.'s Mot. to Disclose, ECF No. 236-1.) The plaintiffs argue that the variation on their previous request distinguishes this case because a ruling in plaintiffs' favor will not result in the public disclosure of the documents. Plaintiffs argue that either federal law or Ohio law—and not Maryland law—should apply in this case and suggest that the request fits within an exception in the federal tax practitioner-client privilege for communications regarding tax shelters. And, finally, plaintiffs offer to present *in camera* the pending § 7623 application, but allege that 26 U.S.C. § 6103 bars the IRS from communicating directly with the court about the application.

In opposition, Mr. Modell argues that the plaintiffs have not presented any reason for the court to change its original decision. (Def.'s. Opp. to Pl.'s Mot. to Disclose, ECF No. 237.) Mr. Modell argues that nothing material has changed in the time subsequent to this court's prior ruling, that the plaintiffs are incorrect in their suggestion that the federal privilege applies, and that in any case the policy underlying both the federal and the Maryland privilege rules suggests that the motion should be denied.

## ANALYSIS

In the Fourth Circuit, a district court has discretionary authority to modify a protective order it has previously entered "for what it deems good cause shown." *United States v. (Under Seal)*, 794 F.2d 920, 928 n.6 (4th Cir. 1986). In its renewed effort to disclose the documents at issue in this case, plaintiffs have failed to demonstrate good cause. The motion to disclose will therefore be denied.

This court based its previous order on the policy implications of Maryland's statutory accountant-client privilege. *See* MD. CODE ANN., CTS. & JUD. PROC., § 9-110; *see also BAA, PLC v. Acacia Mutual Life Ins. Co.*, 929 A.2d 1, 6 (Md. 2007); *Hare v. Family Publ'ns Serv.*,

*Inc.*, 334 F. Supp. 953, 960-61 (D. Md. 1971).  While the plaintiffs did not appeal the previous decision, they now argue that the consideration of Maryland law was incorrect.  In their motion, the plaintiffs argue that the court should have taken into consideration the federal law of privilege.  And in their reply brief, the plaintiffs argue that Ohio law should govern the question.  Neither argument is convincing.

The plaintiffs do not argue that federal privilege law should directly govern in this case; rather, the plaintiffs assert that federal privilege law "governs the legal relationship between the IRS and Modell."  (Pl.'s Mot. to Disclose 4, ECF No. 236-1.)  While that assertion may be true, it is only relevant if the court determines that it is proper in the first place to allow the plaintiffs to constructively unseal the documents and use them for a purpose other than that described in the protective order.  It is this latter question that the court must answer first.  As a result, the court need not weigh the parties' competing arguments about the existence and application of a tax shelter exception to the federal tax practitioner-client privilege.[3]

Turning to the plaintiff's argument in favor of Ohio law, the court is also unconvinced.  In their reply brief, the plaintiffs argue that Ohio law – not Maryland law – applies to the privilege issue.[4]  (Pl's. Reply in Supp. of Mot. to Disclose 4, ECF No. 239.)  To support this proposition, the plaintiffs cite *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990), in which the Supreme Court held that the law of the transferor state—here, Ohio—should be applied when a case is transferred pursuant to § 1404(a).

The plaintiff's brief reference to *Ferens*, however, does not have the talismanic effect that plaintiffs appear to suggest.  The question is not whether Maryland or Ohio law applies to the

---

[3] *See Valero Energy Corp. v. United States*, 569 F.3d 626, 632 (7th Cir. 2009).

[4] As an initial matter, the court need not even consider the argument that Ohio's common law privilege rules govern here, as plaintiffs raised the issue only in their reply brief.  *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered.")

6

determination of privilege *in the first instance*. Rather, the question here is whether the court may consider Maryland's strong public policy of protecting accountant-client communications in determining whether to modify the protective order.

Courts may employ several factors to help guide them in exercising their discretion as to whether to grant modification requests. *See SmithKline Beecham Corp. v. Synthon Pharmaceuticals, Ltd.*, 210 F.R.D. 163, 166 (M.D.N.C. 2002). Such factors include the reason and purpose for the modification, whether a party has alternative means available to acquire the information, the type of protective order at issue, and the type of materials or documents sought. *Id.* The party seeking to modify a protective order bears the burden of showing good cause for the modification. *Id.* (citing *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001)).

The plaintiffs in this case have not met that burden. For one, the plaintiffs have failed to show that no alternative means of obtaining the documents exists. As Mr. Modell has noted, if the IRS desires the documents, it can seek them directly from Mr. Modell by subpoena or otherwise. Moreover, although a fourth suit in Baltimore County Circuit Court is now pending, the plaintiffs' theory that the IRS proceeding would be useful in responding to a defense expert remains speculative. In addition, Maryland public policy weighs heavily in favor of keeping the documents sealed. As this court has recognized, Maryland's statutory accountant-client privilege "constitutes the enunciation of a strong public policy in favor of the protection of accountant-client communications," and "[t]o require the disclosure of the communications [in similar circumstances] would be violative of that public policy." *Hare*, 334 F. Supp. at 961 (internal citations omitted).

The plaintiffs also argue that the court should grant the instant motion because the request is limited to the IRS only and because the underlying circumstances have changed. In particular,

the plaintiffs note that they have now filed a case in Maryland state court, that they can testify to IRS interest in their § 7623 application, and that they can show the application to the court *in camera*. The court finds none of these arguments, considered separately or together, present good cause sufficient to justify modification of the protective order.

Finally, the policy implications of allowing disclosure under the current circumstances support Mr. Modell's position:

> A court should be hesitant to modify protective orders for matters unrelated to the litigation in front of it because otherwise, in the long run, parties may begin to distrust protective orders. Discovery, in turn, will become more complicated and expensive and settlements will be more difficult. A natural feeling of unfairness arises when the rules are modified during the middle of the game, especially without very good cause.

*SmithKline Beecham Corp.*, 210 F.R.D. at 166 (citing *S.E.C. v. TheStreet.Com*, 273 F.3d at 230).

A separate Order follows.

September 17, 2012                                    /s/
Date                                          Catherine C. Blake
                                              United States District Judge